UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORVAL WICKER,

    Plaintiff,

v.                                                        Case No. 3:14cv526/CJK

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____/

## MEMORANDUM ORDER

This matter is before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") finding plaintiff was not without fault in causing an overpayment of benefits and that recovery of the overpayment should not be waived. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and FEDERAL RULE OF CIVIL PROCEDURE 73 for all proceedings in this case, including entry of final judgment. Upon review of the record before this court, I conclude the findings of fact and determinations of the Commissioner are supported by substantial evidence. The decision of the Commissioner, therefore, will be affirmed.

Case No. 3:14cv526/CJK

## ISSUES ON REVIEW

Mr. Wicker, who will be referred to as claimant, plaintiff, or by name, raises a single issue on appeal. He claims the decision that he was not without fault in causing an overpayment of benefits and that recovery of the overpayment should not be waived was not supported by substantial evidence.

## PROCEDURAL HISTORY

The Social Security Administration ("SSA") awarded plaintiff disability insurance benefits ("DIB") under Title II of the Social Security Act based on an application filed on August 5, 2000. T. 18. Plaintiff's children also received benefits based on his disability, and he served as their representative payee. T. 18. On August 8, 2010, the SSA advised plaintiff that both he and his children were overpaid May 2007 through August 2010 because plaintiff was engaged in substantial gainful activity ("SGA") during that time. T. 18. Plaintiff requested that recovery of the overpayment be waived. T. 18. After two hearings, an Administrative Law Judge ("ALJ") rendered a decision on October 15, 2012, denying plaintiff's request for a waiver of repayment of the overpaid DIB benefits. T. 18-26A. The ALJ, however, waived repayment of overpaid children's insurance benefits ("CIB"), finding the children not at fault and unable to repay any amounts owed. T. 18-26A.

Plaintiff requested review of the ALJ's decision, which was granted. T. 8-10, 13-14. The Appeals Council affirmed the ALJ's decision regarding repayment of DIB but found the ALJ erred in waiving repayment of CIB because he failed to consider the fact that plaintiff was the children's representative payee. T. 8-10. The Appeals Council thus issued a decision denying plaintiff's request for a waiver and finding plaintiff liable for overpayment of DIB and CIB. T. 8-10. This appeal ensued.

## FINDINGS OF THE ALJ

In his written decision, the ALJ made several findings relevant to the issue raised in this appeal:

- Claimant was overpaid benefits in the amount of $31,557.10 during the period May 2007 to August 2010 (20 C.F.R. § 404.504). T. 20.

- Claimant was at fault in causing the overpayment (20 C.F.R. §§ 404.506(a), 404.507, and 404.510a). T. 21.

- Recovery of the overpayment should not be waived, and claimant is liable for repayment of $31,557.10 during the period May 2007 to August 2010 (20 C.F.R. §404.506.). T. 26A. Overpayment to the children, in the amount of $9,314.00, should be waived. T. 26A.

The Appeals Council affirmed the ALJ's findings with respect to waiver of overpayment of DIB but reversed with respect to waiver of overpayment of CIB. The Appeals Council's decision became the decision of the Commissioner.

## STANDARD OF REVIEW

A federal court reviews a Social Security disability case to determine whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."). Substantial evidence is "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). With reference to other standards of review, the Eleventh Circuit has said that "'[s]ubstantial evidence is more than a scintilla . . . .'" *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 62 (11th Cir. 2010) (*quoting Lewis*, 125 F.3d at 1439). Although the ALJ's decision need not be supported by a preponderance of the evidence, therefore, "it cannot stand with a 'mere scintilla' of support." *See Hillsman*

*v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. *See Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

When reviewing a Social Security disability case, the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner] . . . .'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (*quoting Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). A reviewing court also may not look "only to those parts of the record which support the ALJ[,]" but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). Review is deferential to a point, but the reviewing court conducts what has been referred to as "an independent review of the record." *See Flynn v. Heckler*, 768 F.2d. 1273 (11th Cir. 1985); *see also Getty ex rel. Shea v. Astrue*, No. 2:10–cv–725–FtM–29SPC, 2011 WL 4836220 (M.D. Fla. Oct. 12, 2011); *Salisbury v. Astrue*, No. 8:09-cv-2334-T-17TGW, 2011 WL 861785 (M.D. Fla. Feb. 28, 2011).[1]

---

[1] The Eleventh Circuit not only speaks of an independent review of the administrative record, but it also reminds us that it conducts a *de novo* review of the district court's decision on whether substantial evidence supports the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## FACT BACKGROUND

Plaintiff was thirty-six years old when he became disabled in June 2000 and forty-eight years old at the time of the ALJ's decision. T. 36. According to plaintiff's earnings records, he worked for Manpower International, Inc., from April 2003 to May 2003 and Dimensions International, Inc., from July 2003 to April 2004; was self-employed from January 2004 to December 2005 and January 2007 to December 2007; and worked for St. John Catholic School from January 2009 to December 2009. T. 29-30, 116-30. Plaintiff earned a total of $11,173.92 in 2003, $13,257.40 in 2004, $5,416.00 in 2005, nothing in 2006, $25,796.00 in 2007, nothing in 2008, $2,588.28 in 2009, and $25,055.72 in 2010. T. 126-30.

In June 2010, the SSA notified plaintiff that his trial work period lasted from October 2003 to April 2004, his disability ended because of substantial work in January 2007, and he was not entitled to DIB payments for April 2007 onward. T. 29-31. A few months later, in September 2010, the SSA notified Mr. Wicker that, since May 2007, he had been overpaid $61,739.20 and each of his children had been overpaid $9,428.007. T. 38-49. The SSA later recomputed the overpayment amounts and advised plaintiff he had been overpaid $31,557.10. T. 60-63.

Plaintiff requested that recovery of the overpayment be waived for both himself and his children. T. 50-57. He checked a box indicating he was not at fault and could not afford to repay it. T. 50. Aside from providing his monthly household income and expenses, however, he did not complete the rest of the form, which asked for information about his finances and receipt of the overpayment. T. 50-57. The agency denied the waiver due to a lack of proof that plaintiff was not without fault and unable to repay the amount owed. T. 18-26A. Mr. Wicker's wife then submitted copies of his monthly expenses, as well as individual and corporate tax returns for the years 2007 to 2010. T. 72-115, 151-86. After reviewing the record, plaintiff's testimony, and the applicable regulations, the ALJ determined plaintiff was "not without fault" in causing and accepting the overpayment of DIB because his earnings were above SGA levels after his trial work period ended.[2] T. 18-26A. The ALJ thus denied waiver of repayment and found plaintiff liable for $31,557.10 in overpaid DIB. T. 26A. With respect to CIB, the ALJ decided to waive repayment after determining the children "cannot be said to be at fault and cannot repay the amounts

---

[2] The trial work period allows a claimant receiving DIB to test his ability to work while receiving benefits. *See* 42 U.S.C. §§ 422(c)(2), 423(d)(4)(A); 20 C.F.R. § 404.1592(a). During this period, the claimant may engage in services, even if the services are not SGA, "in as many as 9 months, but these months do not have to be consecutive." 20 C.F.R. § 404.1592(a)-(b) (emphasis added).

Case No. 3:14cv526/CJK

owed." T. 26A.

Plaintiff sought review of the ALJ's decision. T. 13-14. The Appeals Council granted plaintiff's request and, as set forth above, issued a decision finding plaintiff liable for overpayment of both DIB and CIB. T. 8-10. With regard to CIB, the Appeals Council found plaintiff was the representative payee for his children during the overpayment period and thus was responsible for reporting events that might affect payment. T. 9. The Appeals Council determined plaintiff was not without fault in causing the overpayments because he accepted or failed to return payments he knew or should have known to be erroneous. T. 10. On appeal, plaintiff, who is proceeding *pro se*, claims he informed the SSA each time he started and stopped working and that he was advised he had to work for nine consecutive months before the SSA would stop payment. T. 58-59. He also claims he cannot afford to repay the amounts owed.

## DISCUSSION

The Commissioner generally is required to recover overpaid DIB and CIB. *See* 42 U.S.C. § 404(a)(1)(A); 20 C.F.R. § 404.501(a). An individual who has been overpaid, however, may request waiver of recovery of the overpayment. *See* 20 C.F.R. § 404.506(b). Under the Act,

> [i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. § 404(b); *see* 20 C.F.R. § 404.506(a). Accordingly, the Commission uses a two-prong test to determine if waiver of recovery of an overpayment is appropriate: (1) whether the overpaid individual was without fault in connection with the overpayment, and (2) if the individual is without fault, whether recovery would either defeat the purpose of Title II of the Act or be against equity and good conscience. *See* 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a).

Notably, an overpaid individual bears the burden of proving he is entitled to waiver of recovery of the overpayment. *See Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982); *see also* Social Security Ruling (SSR) 87-16c, 1987 WL 109202, at *4 ("the burden is on the Plaintiff to show that he or she qualifies for a waiver of recovery"); *Newberger v. Comm'r of Soc. Sec. Admin.*, 293 F. App'x 710, 711 (11th Cir. 2008) ("A social security claimant who requests a waiver of recovery of an overpayment of benefits must provide information to support her claim that she is 'without fault in causing the overpayment'") (citing 20 C.F.R. § 404.506(a), (c)). "The burden is upon the claimant to establish the negative prerequisite ('without

fault'), before the [Commissioner] considers the second tier of the waiver statute." *Viehman*, 679 F.2d at 227.

Determining whether an overpaid individual is without fault is a subjective determination that requires an ALJ to consider "all pertinent circumstances, including the individual's age, intelligence, and any physical, mental, educational, or linguistic limitations . . . the individual may have," as well as the reasonableness of the individual's actions. 20 C.F.R. § 404.507; *see* 42 U.S.C. § 404(b); *Jefferson v. Bowen*, 794 F.2d 631, 633 (11th Cir. 1986). "Fault as used in without fault . . . applies only to the individual." 20 C.F.R. § 404.507. "Although [SSA] may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such individual is not without fault." *Id.* In other words, "Social Security law does not ask whether SSA is at fault. Rather, in order for the Plaintiff to avoid having to return erroneously paid benefits, the burden is on him to show that he bears no fault." *Martinez v. Astrue*, No. 10-80723-CIV, 2011 WL 679851, at *4 (S.D. Fla. Feb. 1, 2011); *see also Mistretta v. Astrue*, No. 12-61379-CIV, 2013 WL 2949086, at *3 (S.D. Fla. June 14, 2013) (noting SSA's negligence or fault in continuing to make disability payments after trial work period was not at issue because "fault" applies only to individual and not SSA).

Claimants "are expected to prevent overpayments. . . . [C]laimants who either demonstrate a lack of good faith or fail to exercise a high degree of care in reporting circumstances that may affect benefit entitlement will be found at fault." *Martinez*, 2011 WL 679851, at *3. Hence, the Commissioner may find an individual at fault if the overpayment resulted from (a) an incorrect statement made by the individual which he knew or should have known was incorrect; (b) the individual's failure to furnish information which he knew or should have known was material; or (c) the individual accepted payment which he either knew or could have been expected to know was incorrect. *See* 20 C.F.R. § 404.507.

Based on the record in this case, the undersigned cannot conclude the ALJ erred in finding plaintiff failed to meet his burden of proving he was without fault in causing and/or accepting the overpayments. *See Viehman*, 679 F.2d at 227; *see also* SSR 87-16c; *Newberger*, 293 F. App'x at 711. The SSA provides beneficiaries with information about their duty to report their work activity, and the record shows plaintiff received such information. T. 9. Indeed, as both the ALJ and Appeals Council noted, in support of his contention he informed the SSA of his work, plaintiff submitted an SSA pamphlet, Working While Disabled, which sets forth the reporting obligations. T. 9. The ALJ also found plaintiff aware of his duty to report work

based on the fact he contacted the agency each time he started or stopped working and inquired as to how much he could work and still receive benefits. T. 25-26, 65.

In attempting to demonstrate he is without fault, plaintiff claims various agency employees repeatedly misled him by telling him he was only required to report work activity that lasted more than nine consecutive months because he was entitled to a trial work period. Plaintiff, however, wholly failed to substantiate his allegation in that regard. He did not identify a single employee with whom he allegedly spoke or the date of any alleged conversation, despite the fact he was allowed an opportunity to do so. Moreover, "[a]bsent evidence to the contrary, [courts] presume that an agency has acted in accordance with its regulations." *Sierra Club v. U.S. Army Corps of Engineers*, 295 F.3d 1209, 1223 (11th Cir. 2002). This presumption of regularity includes "the supposition that public officers perform their duties correctly, fairly, in good faith, and in accordance with law and governing regulations, . . . and is valid and binding unless 'well-nigh [irrefutable] proof rebuts or overcomes it.'" *Schism v. United States*, 316 F.3d 1259, 1302 (11th Cir. 2002) (*quoting Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993)). Plaintiff plainly has failed to present the level of irrefutable proof necessary to overcome the presumption that the SSA employees acted at all times in accordance with the applicable regulations.

Mr. Wicker requests that "the court review the recorded phone call records and waive the repayment decision." Again, however, plaintiff did not provide specifics of the conversations during the administrative phase of the case. The fact finding portion of the matter concluded long ago. Plaintiff's request is not appropriate as the court's "review of the case is generally limited to a consideration of the evidence in the certified record" and plaintiff has not demonstrated that any such evidence actually exists, much less that the evidence could not have been presented in the proceedings below. *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1341 (N.D. Ga. 2006) (*citing Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)); *see Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) (noting that remand for consideration of additional evidence is appropriate only where the claimant demonstrates that (1) new, noncumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level").

## CONCLUSION

For the reasons set forth above, the undersigned finds substantial evidence supports the ALJ's finding, as modified by the Appeals Council, that claimant was

not without fault when he accepted payment and/or did not return payment of DIB and CIB he knew or should have known to be incorrect.[3]  *See Newberger*, 293 F. App'x at 711 (holding overpaid individual must provide information to support claim he was without fault in causing overpayment); *see also, e.g., Stanberry v. Astrue*, No. 3:10CV534, 2012 WL 1020434, at *7-8 (N.D. Fla. Feb. 27, 2012) (holding substantial evidence supported ALJ's decision overpaid individual was not without fault where overpaid individual knew or should have known earnings were above substantial gainful activity threshold and any fault by SSA was irrelevant), report and recommendation adopted, 3:10CV534, 2012 WL 1059077 (N.D. Fla. Mar. 27, 2012); S*tockton v. Sullivan*, No. 91-PT-00359-NE, 1991 WL 426452, at *4 (N.D. Ala. July 23, 1991) (holding substantial evidence supported ALJ's decision overpaid individual was not without fault where record lacked evidence to support overpaid individual's claims that he contacted SSA and was told he could keep disability checks and cash

---

[3] The issue of whether recovery of the overpayment would defeat the purpose of Title II of the Act or be against equity and good conscience is not before the court. The Commissioner considers the second step of the waiver statute only if the overpaid individual proves he or she was not without fault in causing the overpayment. T. 23. *See* 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a); *Viehman*, 679 F.2d at 227; *see also Stanberry*, 2012 WL 1020434, at *9 ("this court need not consider whether recovery would defeat the purpose of the Act or be against equity or good conscience because Plaintiff is not without fault").

Case No. 3:14cv526/CJK

them). The decision of the Commission, therefore, must be affirmed.[4] *See Carnes*, 936 F.2d at 1218 ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied.").

Accordingly, it is ORDERED:

1. The decision of the Commissioner is AFFIRMED and plaintiff's request for a waiver of recovery of overpaid DIB and CIB is DENIED.

2. The clerk is directed to close the file.

DONE AND ORDERED this 31st day of May, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The court notes that, to the extent it reviewed the legal principles upon which the ALJ's decision is based, it conducted a *de novo* review. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).